**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT S. HELD, ) | |
| ) | No.   07 C 6359 |
| Plaintiff, ) | |
| ) | Judge Hart |
| v. ) | |
| ) | Magistrate Judge Cole |
| VILLAGE OF FLOSSMOOR, a ) | |
| a municipal corporation, ) | <u>Jury</u> <u>Demanded</u> |
| ) | |
| Defendants. ) | |

## **ANSWER**

NOW COMES the defendant, the Village of Flossmoor, a municipal corporation, by its attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and in answer to plaintiff's complaint states the following:

The Village of Flossmoor, Illinois (the "Village") is incorporated within the State of Illinois.

ANSWER:   The defendant admits that it is an Illinois municipal corporation.

Jurisdiction and venue are proper before this Court.

ANSWER:   The defendant admits that jurisdiction and venue are proper before this Court pursuant to the defendant's removal of this action.

<u>Common Allegations</u>

1. Held was approached by an officer (the "Officer") of the Flossmoor Police Department on June 8, 2007 while in the Village of Flossmoor.

ANSWER:   Defendant admits that plaintiff was present in a motor vehicle which was

approached by members of the Village of Flossmoor Police Department on June 8, 2007.

    2.    In voluntary compliance and in response to the request by the Officer, Held provided identification to the Officer.

ANSWER:   Defendant denies the allegations of this paragraph two.

    3.    Held asked the officer on two occasions whether he was under arrest.

ANSWER:   Defendant denies the allegations of this paragraph three.

    4.    In response to both requests, the Officer indicated that Held was not under arrest.

ANSWER:   Defendant denies the allegations of this paragraph four.

    5.    After Held acknowledged that he was "Robert Held" and after the Officer had twice indicated Held was not under arrest; Held attempted to leave the area.

ANSWER:   Defendant denies the allegations of this paragraph five.

    6.    The Officer pursued Held, shouted an expletive and that he was going to shoot Held with "50,000 volts" and without consent or privilege, by an overt act directed at Held, the Officer caused Held reasonably to believe that he would immediately suffer a battery and the Officer possessed the ability to carry out the battery.  Thereafter, without commanding Held to stop, and without indicating Held was under arrest, shot at Held with a Taser.

ANSWER:   Defendant denies the allegations of this paragraph six.

    7.    On information and belief, the company that makes the Taser used by the Officer is currently named as a defendant in 44 lawsuits in which plaintiffs alleged either

wrongful death or personal injury in situations in which the Taser device was used (or present).

ANSWER:   Defendant lacks sufficient knowledge and information with which to form a belief as to the veracity of the allegations of this paragraph seven, and therefore neither admits nor denies said allegations.

8.   On information and belief, the Village is aware of the danger of its Tasers, continues to use Tasers and fails to adequately train its officers on the danger of Tasers.

ANSWER:   Defendant denies the allegations of this paragraph eight.

## COUNT I

9.   Held realleges Counts [sic] 1 - 8 as paragraph 9 hereof.

ANSWER:   Defendant adopts and realleges its answers to paragraphs one through eight, above, as and for its answer to this paragraph nine.

10.   The Officer's act described herein constituted an assault on Held.

ANSWER:   Defendant denies the allegations of this paragraph ten.

11.   As a direct and proximate result of the foregoing acts, Held suffered physical pain and suffering and emotional trauma and suffering.

ANSWER:   Defendant denies the allegations of this paragraph eleven.

## COUNT II

12.   Held realleges Counts [sic] 1 - 8 as paragraph 12 hereof.

ANSWER:

13. The Village of Flossmoor caused Held to be subjected to 4th Amendment violations (illegal seizure and excessive force) because the Officer's actions were committed under color of law and, on information and belief, part of the customary practices of the Village of Flossmoor Police Department.

ANSWER: Defendant denies the allegations of this paragraph thirteen.

14. Such a 4th Amendment violation amounts to the Flossmoor Police Department's deliberate indifference to an obvious need for training of its officers, including the officer. This failure to adequately train resulted in the Officer's actions that caused Held's harm.

ANSWER: Defendant denies the allegations of this paragraph fourteen.

## COUNT III

15. Held realleges Counts 1 - 8 as paragraph 15 hereof.

16. The Officer illegally used excessive and unreasonable force against Held in violation of Held's 4th Amendment right to be secure in his person.

17. The excessive use of force by the Officer and his apprehension of Held caused Held, an upstanding citizen of the United States, to suffer a violation of his 4th Amendment right to be secure in his person.

ANSWER: As there is no individually named defendant in this cause, the defendant Village of Flossmoor makes no answer to the allegations of this paragraph seventeen.

WHEREFORE, defendant Village of Flossmoor denies that plaintiff is entitled to judgment against it for compensatory damages, costs or any other relief from this

Honorable Court (and the defendant has filed a separate pleading in response to plaintiff's request for punitive damages and attorney's fees).

**AFFIRMATIVE DEFENSES**

NOW COMES the defendant, the Village of Flossmoor, a municipal corporation, by its attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and as its affirmative defenses to the plaintiff's complaint states the following:

1. That the actions of each and every potentially named individual defendant who is employed by this Illinois local public entity in connection with the law enforcement conduct at issue in this case were qualifiedly immune from liability for damages, and since no individual police officer is potentially liable for any violations of the plaintiff's constitutional rights, there may consequently be no civil rights liability for the municipal defendant.

2. That no evidence exists that the Village of Flossmoor has a custom, policy or practice (within the meaning of Title 42 U.S.C. § 1983) of permitting or condoning the deprivation of constitutional rights by its employees.

3. That none of the actions of the defendant alleged in this case in connection with claims arising under Illinois law were "willful and wanton" within the meaning of Section 1-210 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, thereby immunizing the municipal defendant from liability for all of the supplemental claim raised in the plaintiff's complaint.

WHEREFORE, the defendant respectfully requests that judgement be entered in its favor and against the plaintiff based upon the above and foregoing affirmative defenses.

/s/ Mark F. Smolens
Attorney for Defendant, Village of Flossmoor,
a municipal corporation

**RICHARD T. RYAN**
**MARK F. SMOLENS**
**RYAN, SMOLENS & JONES**
**180 North LaSalle Street**
**Suite 2303**
**Chicago, IL 60601**
**(312) 372-3800**