IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT S. HELD, | ) | |
| | ) | No.　07 C 6359 |
| Plaintiff, | ) | |
| | ) | Judge Hart |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| VILLAGE OF FLOSSMOOR, a | ) | |
| a municipal corporation, | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VILLAGE OF FLOSSMOOR'S**
**MOTION TO STRIKE CLAIM FOR PUNITIVE DAMAGES**

NOW COMES the defendant, the Village of Flossmoor, a municipal corporation, by its attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and pursuant to the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, moves this Honorable Court strike the request for punitive damages directed against it in the plaintiff's "verified" complaint. In support of the requested relief, the municipal defendant respectfully submits the following:

**Punitive damages are not available as against this defendant, and no good faith basis exists for the inclusion of this claim in the pleading before this Court.**

1.　The plaintiff's complaint was filed in the Circuit Court of Cook County, served on the Village of Flossmoor on October 30, 2007, and thereafter removed to the jurisdiction of this Court on November 8, 2007.

2.　The only party defendant named in that "verified" complaint is the Village

of Flossmoor, for which the plaintiff concedes knowledge of the fact that the Village is an Illinois municipal corporation. *See* Complaint (unnumbered paragraph one).

3. Yet, in the prayer for relief contained in that pleading, the plaintiff – who is attorney licensed to practice law in Illinois – nonetheless purported to seek compensatory and exemplary or punitive damages (under both § 1983 and Illinois law) from the municipal defendant, Village of Flossmoor.

4. In City of Newport v. Fact Concerts, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the United States Supreme Court was called upon to decide whether a municipality was immune from punitive damages liability under § 1983. *See* Newport, 453 U.S. at 249.

5. The Court found no evidence that Congress intended to disturb the settled common-law immunity of municipalities from punitive damages judgments. Newport, 453 U.S. at 265.

6. Compensatory damages, which are designed to make the victim of unconstitutional behavior whole, are deemed a permissible basis of recovery against municipal entities.

7. Furthermore, although punitive damages (when properly calculated) serve many salutary purposes in truly egregious situations, they remain a windfall for the fully compensated plaintiff.

8. There is, the Court noted, always the danger that the "deep pocket" of the municipality's tax base will tempt a jury to succumb to an unprincipled determination.

Newport, 453 U.S. at 270.

9.  In light of these factors, the Supreme Court in Newport found no basis for disregarding the presumption that a municipal entity ought not be subjected to punitive damages liability – and no basis exists here for the plaintiff to have included such a claim in his complaint before this Court.

10. As for the ability of this plaintiff to recover punitive damages from the municipal defendant under the "state law" counts of the complaint, *see* Gray v. City of Chicago, 159 F.Supp.2d 1086 (N.D.Ill. 2001) (municipalities immune from awards of punitive damages under Illinois law).

11. The punitive damages claim against the Village of Flossmoor should be stricken pursuant to Rule 12(f), and an appropriate sanction (pursuant to Rule 11) in the form of attorney's fees should be awarded to the municipal defendant herein.

12. In addition, the plaintiff also apparently claims entitlement to attorney's fees in this case.

13. As this Court is, and plaintiff should be, aware, a *pro se* litigant – even if he is an attorney – is not entitled to a fee award pursuant to the provisions of Title 42 U.S.C. Section 1988.  Kay v. Ehrler, 499 U.S. 432, 437-38, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).

WHEREFORE, for the reasons set forth above, the defendant Village of Flossmoor respectfully requests this Honorable Court to strike of the plaintiff's requests for the interposition of punitive damages and an award of attorney's fees, and entry of an appropriate award to this municipal defendant pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure.

/s/ Mark F. Smolens
Attorney for Defendant Village of Flossmoor,
a municipal corporation

**RICHARD T. RYAN**
**MARK F. SMOLENS**
**RYAN, SMOLENS & JONES**
**180 North LaSalle Street**
**Suite 2303**
**Chicago, IL 60601**
**(312) 372-3800**